T.C. Summary Opinion 2005-5


UNITED STATES TAX COURT


CAROL L. VAN DYKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20656-03S.          Filed January 6, 2005.


Carol L. Van Dyke, pro se.

<u>Robert A. Varra</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 7463 and 6330 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice). Petitioner seeks review of the determination to proceed with collection of her tax liabilities for 1992, 1993, 1995, and 2000. The issue for decision is whether respondent may proceed with collection action as determined in the notice.

Stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Denver, Colorado.

## Background

Petitioner was sent notices of deficiency for 1992 and 2000. Petitioner did not file a petition with the Court for either year.

According to the notice, at the hearing under section 6330(b) and (c), petitioner claimed that her Federal income tax returns for 1992, 1993, and 1995 were falsified by her estranged husband or someone else.

## The Petition and Amended Petition

Petitioner alleges in her petition that she went to the Internal Revenue Service (IRS) office on Speer Boulevard in Denver, Colorado, to discuss her tax matters and that the office, in the "Ceaser Chavez" building "may be a fraudulent office". She alleges that several years ago she showed the IRS that the

returns were "bogus" because she would never file her tax returns "in my maiden name" as she is legally separated, not divorced. The petition further alleges that "a Mary Ellen Brown + her husband, who have swindled me over 23 years, bribed" an IRS employee. Petitioner also alleges that "1 year is the limit for filing against anyone in a superior, or appellate court. By the statues [sic] of limitation their arguement [sic] is bogus."

Other allegations in the petition concern an alleged robbery, alleged payments to her by her husband, and an allegation that petitioner (whose returns describe her profession as nursing) has engaged in the practice of law "in my own behalf in California."

In her amended petition, petitioner alleges that she does not owe any tax because she "did the long forms in 1992, 1993 and 1995" and sent in a cashier's check for $860.73, and she realleges that there is a 1-year statute of limitations that prohibits respondent's collection action.

## Discussion

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. See Sego v. Commissioner, 114 T.C. 604, 609 (2000);

Goza v. Commissioner, 114 T.C. 176, 180 (2000).  In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or amount of her underlying tax liability.  Section 6330(c)(2)(B) provides that the person may raise at the hearing challenges to the existence or amount of the underlying tax liability if the person did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the liability.

Petitioner submitted at trial an eight-page handwritten document that she testified was a summary of her case.  The document, rambling and difficult to follow, repeats some allegations from the petition and raises new matter.  The new matter includes allegations that an IRS employee stole her car, that President Bush made lewd comments to her by telephone, and that Archibald Cox stole from her a "Red Samsonite suitcase".  The evidence she submitted includes a handwritten document for tax year 1995 listing a $6,900 deduction for a 1983 van that she alleges was stolen from her "By President Clinton".

Petitioner has alleged that certain correspondence, including the notice of deficiency for 1992, was sent to her using, in whole or in part, her maiden name.  She alleges that her maiden name is "not my name".  She has, however, not denied receiving notices of deficiency for 1992 and 2000.  The Court concludes that petitioner is precluded from challenging the

existence or amount of her 1992 and 2000 tax liabilities in a section 6330 hearing or before the Court. See sec. 6330(c)(2)(B); sec. 301.6330-1(f), Q&A-5, Proced. & Admin. Regs. Even were she not so precluded, she failed to present evidence that the amounts assessed are incorrect.

Where the validity of the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-183. The Court reviews only whether the Appeals officer's refusal to accept petitioner's arguments was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 6501 sets forth limitations on assessment and provides as a general rule that income taxes must be assessed within 3 years after the filing of the return. Sec. 6501(a). Where assessment was made within the pertinent period of limitations, the tax may be collected by levy within 10 years after the assessment of the tax. Sec. 6502(a). A hearing request under section 6330 will suspend the running of the period of limitations described in section 6502 during the period that "such hearing, and appeals therein, are pending." Sec. 6330(e)(1).

Petitioner's liability for 1992 as shown on her return was assessed on January 10, 1994, and additional tax and a late filing addition to tax for 1992 were assessed on January 9, 1995. Petitioner's tax liability for 1993 as shown on her return and late filing addition to tax were assessed on June 6, 1994. Her tax liability for 1995 and a failure-to-pay addition to tax were assessed on May 6, 1996. Petitioner's tax liability for 2000, as shown on her return, was assessed on May 28, 2001, and additional tax was assessed on October 21, 2002. Accordingly, assessment was well within the 3-year period of limitations for all years. Respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing, on January 14, 2003, well within the applicable 10-year period of limitations for collection. The running of the 10-year period was suspended by the Form 12153 and remains suspended. Collection of petitioner's Federal income tax liabilities for the years at issue is not time barred.

The Court has considered the other arguments raised by petitioner and concludes they are either irrelevant or without merit. The Appeals officer's refusal to accept petitioner's arguments was not arbitrary, capricious, or without sound basis in fact or law.

The Court holds that respondent may proceed with collection action as determined in the notice.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.